## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DANIEL J. ANKER,** <br>  Petitioner, | : <br> : <br> : |
| v. | : Civil Action No. <br> : |
| **ELIZABETH NEAL**, Acting Warden, <br> John L. Webb Correctional Facility, <br> and **JOSEPH R. BIDEN, III,** Attorney <br> General of the State of Delaware, <br>  Respondents. | : <br> : <br> : <br> : <br> : <br> : |

### PETITION FOR WRIT OF HABEAS CORPUS
### UNDER 28 U.S.C. §2254

      1. **Name and location of court which entered the judgment of conviction under attack:** Superior Court of the State of Delaware (New Castle County), 500 N. King Street, Wilmington, DE 19801.

      2. **Date of judgment of conviction:** (1) conviction by jury - August 4, 2005; (2) sentencing date - November 4, 2005.

      3. **Length of Sentence:** Petitioner was sentenced to 19 years in jail, suspended after serving 5 years, followed by probation.

      4. **Nature of offense involved:** (1) 6 counts of Theft > $100,000; (2) 3 counts of Theft > $50,000; 1 count of Conspiracy Second Degree

      5. **What was your plea? -** Not Guilty

      6. **If you pleaded not guilty, what kind of trial did you have? -** Jury trial

      7. **Did you testify at the trial? -** Yes

      8. **Did you appeal from the judgment of conviction? -** Yes

      9. **If you did appeal, answer the following:**

           **(a) Name of court -** Supreme Court of Delaware
           **(b) Result** - convictions and sentence were affirmed
           **(c) Date of result and citation -** October 31, 2006 (motion for rehearing denied on December 5, 2006); *Anker v. State,* 2006 Del. LEXIS 578

           **(d) Grounds raised:**

           1. Whether Anker was denied his right to a fundamentally fair trial when the State was permitted to introduce evidence that prior to the trial, the "Lawyers' Fund" had paid off many of the unpaid mortgages that were the basis of the Theft charges against Anker. This evidence, which was totally irrelevant to any issue in the trial, clearly suggested

to the jury that the legal profession, by paying off the unpaid mortgages, had already decided that Anker was guilty.

2. Whether Anker was denied his right to a fundamentally fair trial when the State was permitted to introduce evidence that the defendant was a tax delinquent and evidence of other "bad acts" committed by the defendant.

3. Whether Anker was denied his right to a fundamentally fair trial when the trial court ruled that the defendant would be barred from presenting expert psychiatric testimony that his "intent" to commit the alleged thefts was influenced by his relationship with his daughter, a co-defendant in the case.

**(e) If you sought further review of the decision on appeal by a higher state court, please answer the following**:     Not applicable.

**(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:**     Not applicable.

10. **Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal?**   Yes.

11. **If your answer to 10 was "yes," give the following information:**

   (A) (1) **Name of Court -** Delaware Superior Court (New Castle County)

   (2) **Nature of proceeding -** Petition for post-conviction relief under Superior Court Criminal Rule 61.

   (3) **Grounds raised:** Whether the performance of defendant's counsel in the trial amounted to ineffective assistance of counsel under the 6th Amendment to the U.S. Constitution and Article I, §7 of the Delaware Constitution in the following respects:

   **Claim No. 1:** Defense counsel failed to object to the introduction of evidence in the State's case-in-chief concerning the investigation of the defendant by the Office of Disciplinary Counsel ("ODC") and actions taken by the Lawyers' Fund for Client Protection ("Lawyers' Fund") to pay off several of the unpaid mortgages that were the basis of the Theft charges against Anker.

   **Claim No. 2:** Defense counsel failed to object to the introduction of evidence in the State's case-in-chief concerning the emotional and financial impact of defendant's alleged thefts on the alleged victims.

   **Claim No. 3:** Defense counsel failed to object to the introduction of evidence in the State's case-in-chief concerning the defendant's character and "bad acts" allegedly committed by the defendant.

   **Claim No. 4:** Defense counsel was ineffective in failing to educate the jury concerning the distinction between an attorney's liability for a violation of attorney disciplinary rules of conduct, on the one hand,

and liability for criminal conduct, on the other hand.

**Claim No. 5:** Defense counsel was ineffective in failing to utilize at trial evidence that had been developed by William F. Glanz ("Glanz"), an investigator who had been retained to assist in the preparation of the defense.

**Claim No. 6:** The defendant was deprived of his right to the effective assistance of counsel because defense counsel had failed to disclose to the defendant that during the course of his representation defense counsel was suffering from a major depressive disorder which caused him to virtually neglect and ignore his professional obligations to his clients, including Anker, and which eventually led to the filing of numerous disciplinary charges against defense counsel by ODC. See, *In re Allan Wendelburg*, Case No. 501, 2006 (Del. 2006).

**(4) Did you receive an evidentiary hearing on your petition, application or motion?** No.

**(5) Result -** The Rule 61 Motion was denied. *State v. Anker*, 2007 Del. Super. LEXIS 209 (July 26, 2007); aff'd, *Anker v. State*, 2008 Del. Lexis 17 (January 9, 2008).

**(b) As to any second petition....** Not applicable

**(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?** Yes.

**(d) If you did not appeal......** Not applicable

12. **Grounds for Habeas Corpus Relief:**

**Ground 1.** Whether Anker was denied his right to a fundamentally fair trial when the State was permitted to introduce evidence that prior to the trial, the "Lawyers' Fund" had paid off many of the unpaid mortgages that were the basis of the Theft charges against Anker. This evidence, which was totally irrelevant to any issue in the trial, clearly suggested to the jury that the legal profession, by paying off the unpaid mortgages, had already decided that Anker was guilty.

**Ground 2.** Whether Anker was denied his right to a fundamentally fair trial when the State was permitted to introduce evidence that the defendant was a tax delinquent and evidence of other "bad acts" committed by the defendant.

**Ground 3.** Whether Anker was denied his right to a fundamentally fair trial when the trial court ruled that the defendant would be barred from presenting expert psychiatric testimony that his "intent" to commit the alleged thefts was influenced by his relationship with his daughter, a co-defendant in the case.

**Ground 4.** Whether the performance of Anker's trial counsel was "ineffective" under the 6th Amendment to the United States Constitution and *Strickland v. Washington*, 466 U.S. 668 (1984) in

the defendant's trial in the following respects:

**Claim No. 1:** Defense counsel failed to object to the introduction of evidence in the State's case-in-chief concerning the investigation of the defendant by the Office of Disciplinary Counsel ("ODC") and actions taken by the Lawyers' Fund for Client Protection ("Lawyers' Fund") to pay off several of the unpaid mortgages that were the basis of the Theft charges against Anker.

**Claim No. 2:** Defense counsel failed to object to the introduction of evidence in the State's case-in-chief concerning the emotional and financial impact of defendant's alleged thefts on the alleged victims.

**Claim No. 3:** Defense counsel failed to object to the introduction of evidence in the State's case-in-chief concerning the defendant's character and "bad acts" allegedly committed by the defendant.

**Claim No. 4:** Defense counsel was ineffective in failing to educate the jury concerning the distinction between an attorney's liability for a violation of attorney disciplinary rules of conduct, on the one hand, and liability for criminal conduct, on the other hand.

**Claim No. 5:** Defense counsel was ineffective in failing to utilize at trial evidence that had been developed by William F. Glanz ("Glanz"), an investigator who had been retained to assist in the preparation of the defense.

**Claim No. 6:** The defendant was deprived of his right to the effective assistance of counsel because defense counsel had failed to disclose to the defendant that during the course of his representation defense counsel was suffering from a major depressive disorder which caused him to virtually neglect and ignore his professional obligations to his clients, including Anker, and which eventually led to the filing of numerous disciplinary charges against defense counsel by ODC. See, *In re Allan Wendelburg*, Case No. 501, 2006 (Del. 2006).

With respect to **Claim 1 through Claim 5** above, it is further alleged that Anker was "prejudiced" under *Strickland* in that if a proper and timely objection had been made to the admission of the evidence referred to therein, there exists a reasonable probability that the outcome of Anker's trial would have been different. With respect to **Claim 6**, the major depressive disorder suffered by Anker's trial counsel at the time of Anker's trial resulted in a situation where Anker suffered prejudice *per se* under *Strickland* because his attorney had totally ceased to function as an attorney. *See, United States v. Cronic*, 466 U.S. 648 (1984)(prejudice is presumed where there is a constructive denial of counsel).

13. **If any of the grounds listed in 12 were not previously presented in any court, state or federal, state briefly what grounds were not so presented and give your reasons for not presenting them.** Not applicable.

14. **Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment now under attack?** No.

15. **Give the names and addresses of each attorney who represented you at each stage**

**of the judgment attacked herein:**

(1) the following attorney represented the petitioner during all or part of the period from the time of his arrest through conviction and sentence in the trial court.

> Allan Wendelburg, Esquire
> 24 Stirrup Run
> Stirrup Farms
> Hockessin, DE

(2) The following attorney represented petitioner on direct appeal

> Joseph M. Bernstein, Esquire
> 800 N. King Street - Suite 302
> Wilmington, DE 19801

(3) The following attorney represented the petitioner in state court post-conviction proceedings and on appeal in post-conviction proceedings

> Joseph M. Bernstein, Esquire
> 800 N. King Street - Suite 302
> Wilmington, DE 19801

16. **Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?**  Yes, sentenced on more than one count of Indictment.

17. **Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?**  No.

**WHEREFORE,** petitioner prays that the Court grant petitioner all relief to which he may be entitled under this Petition

> /s/ Joseph M. Bernstein
> JOSEPH M. BERNSTEIN (#780)
> 800 N. King Street - Suite 302
> Wilmington, DE 19801
> 302-656-9850
> Attorney for Petitioner

I declare under penalty of perjury that the foregoing is true and correct.

> /s/  Daniel J. Anker
> Daniel J. Anker, Petitioner

Dated: _____

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

08-203

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Daniel J. Anker, Petitioner

(b) County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joseph M. Bernstein, 800 N. King Street - Suite 302, Wilmington, DE 19801; Tel. 302-656-9850

## DEFENDANTS
Elizabeth Neal, Acting Warden, John L. Webb Correctional Facility, and Joseph R. Biden, III, Attorney General of the

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☒ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 2254
Brief description of cause:
Habeas Corpus Petition based denial of right to a fair trial and ineffective assistance of Counsel

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4-4-08
SIGNATURE OF ATTORNEY OF RECORD: Joseph M B___

### FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____