IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL J. ANKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 08-203-SLR |
| | ) |
| STEVEN WESLEY, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

Joseph M. Bernstein, Esquire.  Counsel for petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

November 18, 2009
Wilmington, Delaware

---

[1]Warden Steven Wesley replaced former Acting Warden Elizabeth Neal, an original party to this case.  See Fed. R. Civ. P. 25(d)(1).

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is petitioner Daniel J. Anker's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1; D.I. 10) Petitioner is incarcerated at the John L. Webb Correctional Facility in Wilmington, Delaware. For the reasons that follow, the court will stay its consideration of the application pending resolution of a petition for writ of certiorari in *Smith v. Spisak,* 129 S.Ct. 1319 (2009)(granting certiorari).

## II. FACTUAL AND PROCEDURAL BACKGROUND

As set forth by the Delaware Supreme Court in petitioner's post-conviction appeal:

> [Petitioner] was a real estate lawyer practicing in Delaware as a solo practitioner. His daughter, Laura Larks, was his sole employee. In various refinancing closings, [petitioner] did not apply the money deposited into his escrow account by the new mortgagee to satisfy the existing mortgages, pay off the seller's mortgage, or, in one case, pay the money to the seller's mortgagee. When his clients realized that the money was not paid to satisfy the mortgages, they would contact [petitioner's] office. Larks would tell [the client] that it was the bank's fault, and in some cases, would say that the bank offered the client a settlement.

*Anker v. State*, 941 A.2d 1018 (Table), 2008 WL 187962 (Del. Jan. 9, 2008).

In June 2003, Joseph McCullough, an investigative auditor for the Delaware Lawyer's Fund for Client Protection, discovered that petitioner had not updated his bank account records in the program Quick Books, contrary to petitioner's representation of his account's status. McCullough found numerous unrelated checks written to various people and businesses leaving petitioner's client escrow account $1.5 million short. As a result of McCullough's findings, the Delaware Supreme Court held an emergency hearing, after which petitioner was suspended from practice pending a criminal

investigation. (D.I. 16, at p.2)

In February 2005, a New Castle County grand jury indicted petitioner and his daughter, Larks, on nineteen counts of felony theft and one count of second degree conspiracy, alleging that petitioner and Larks misappropriated funds from petitioner's client escrow account maintained as part of petitioner's law practice. In April 2005, the Delaware Superior Court granted petitioner's motion to sever the defendants for trial. (D.I. 16) The State nolle prossed ten of petitioner's felony theft charges prior to trial. (D.I. 18, Del. Super. Ct. Dckt.) The remaining nine counts of felony theft arose from nine separate real estate transactions in which petitioner acted as the closing attorney. (D.I. 16)

Petitioner's trial began in July 2005. On August 4, 2005, the jury found petitioner guilty as charged on the nine counts of felony theft and one count of second degree conspiracy.[2] The Delaware Superior Court sentenced petitioner to nineteen years of incarceration, suspended after five years for probation. The Delaware Supreme Court affirmed his convictions and sentence on direct appeal. *Anker v. State*, 913 A.2d 569 (Table), 2006 WL 3087169 (Del. Oct. 31, 2006).

In July 2007, petitioner filed in the Superior Court a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion in July 2007, and the Delaware Supreme

---

[2]On the same day that petitioner was sentenced, Larks pled guilty to one count of felony theft and one count of second degree conspiracy. She was sentenced in January 2006 to a total of seven years in prison, suspended for five years of Level IV home confinement, suspended in turn after twenty-four months for Level II probation. Larks' sentence was modified in August 2007 to allow her to move immediately to Level III probation with GPS monitoring. Larks was ordered to pay $554,046.34 in restitution.

Court affirmed that decision in February 2008. *State v. Anker*, 941 A.2d 1018 (Table), 2008 WL 187962 (Del. Jan. 9, 2008).

Petitioner's counsel timely filed the instant habeas application, asserting four grounds for relief: (1) the trial court erroneously admitted evidence that the Lawyer's Fund paid off the unpaid mortgages that formed the basis of the theft charges against petitioner, thereby violating petitioner's right to a fair trial; (2) the trial court erroneously admitted evidence regarding petitioner's prior bad acts which deprived petitioner of a fair trial; (3) the trial court erred in barring expert psychiatric testimony regarding petitioner's relationship with his co-defendant daughter and how that relationship affected his "intent" to commit the crimes; and (4) trial counsel provided ineffective assistance for six reasons. (D.I. 1) In June 2008, petitioner's counsel filed a brief, in which he withdrew claims one, two, and three, and asserted the following two claims for relief: (1) petitioner was constructively denied his Sixth Amendment right to effective assistance of counsel under *United States v. Cronic*, 466 U.S. 648 (1984), because trial counsel was suffering from a major depressive disorder during his representation of petitioner; and (2) the Delaware Supreme Court's decision to affirm the Superior Court's denial of petitioner's six ineffective assistance of counsel allegations for lack of prejudice was both contrary to, and an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). (D.I. 10) The State filed an answer, arguing that the court should deny the amended application in its entirety. (D.I. 16) Petitioner's counsel filed a motion for an evidentiary hearing on the *Cronic* claim, which the court denied in March 2009. (D.I. 19; D.I. 21) The amended application is ready for review.

3

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts.  See 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits.  See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  If the petitioner presented a habeas claim to the state's highest court, but that court "clearly and expressly" refused to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court

does not review the claim. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent,"[3] then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

---

[3]*Murray*, 477 U.S. at 496.

5

### B. Standard of Review

If the state's highest court has adjudicated a federal habeas claim on the merits, then a federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d).[4] Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

On habeas review, a federal court must presume that a state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). A petitioner can only rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

---

[4]A state court has adjudicated a claim on the merits for the purposes of § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

6

## IV. DISCUSSION

### A. Petitioner's *Cronic* Claim Is Not Procedurally Barred

As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first *Strickland* prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. The second *Strickland* prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In *United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984), the United States Supreme Court articulated a very limited exception to *Strickland*'s prejudice requirement, holding that there are three situations in which prejudice caused by an attorney's performance will be presumed: where the defendant is completely denied counsel at a critical stage, where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or where the circumstances are such that there is an extremely small likelihood that even a competent attorney could provide effective assistance, such as when the opportunity for cross-examination has been eliminated. *Cronic*, 466 U.S. at 659 & n.25. The *Cronic* presumption of prejudice only applies when counsel has completely failed to test the prosecution's case throughout the entire trial.

7

*See Bell v. Cone*, 535 U.S. 685, 697 (2002).

In this proceeding, petitioner contends that *Cronic*'s per se presumption of prejudice applies to his claim regarding counsel's ineffective assistance because counsel was "suffering from a major psychiatric disorder" during his representation of petitioner, which caused counsel to make "numerous critical errors and omissions." (D.I. 10, at p. 26) The State contends that petitioner did not fairly present this *Cronic* claim to the Delaware Supreme Court on post-conviction appeal, thereby failing to satisfy the exhaustion requirement. The State primarily focuses on the fact that each of petitioner's two post-conviction appellate filings contained only one succinct reference and citation to *Cronic* amidst a rather lengthy discussion of trial counsel's alleged ineffective assistance under *Strickland*, in addition to the fact that petitioner's post-conviction appellate filings argued that the Superior Court erred in summarily denying the ineffective assistance of counsel claim for lack of prejudice under *Strickland*.

To satisfy the "fair presentation" requirement of the exhaustion doctrine, a habeas petitioner must present the claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). The Third Circuit has opined that a petitioner fairly presents a habeas claim by employing one or more of the following methods: (1) reliance upon pertinent federal cases; (2) reliance upon state cases employing constitutional analyses in like fact situations; (3) assertion of the claims in terms so particular as to call to mind a specific right protected by the Constitution; and (4) allegation of a pattern of facts that is well within the mainstream of

constitutional litigation. *Nara v. Frank*, 488 F.3d 187, 198 (3d Cir. 2007).

In order to determine if petitioner fairly presented the instant claims to the Delaware Supreme Court, the court turns to the allegations in petitioner's Rule 61 motion and his post-conviction appellate brief. Ground one of petitioner's Rule 61 motion, titled "The performance of defendant's counsel in the trial amounted to ineffective assistance of counsel under the 6[th] Amendment to the U.S. Constitution and Article I, § 7 of the Delaware Constitution," contains six sub-claims alleging ineffective assistance, with claim six asserting that:

> [Petitioner] was deprived of his right to the effective assistance of counsel because defense counsel had failed to disclose to the [petitioner] that during the course of his representation defense counsel was suffering from a major depressive disorder which caused him to virtually neglect and ignore his professional obligations to his clients, including [petitioner], and which eventually led to the filing of numerous disciplinary charges against defense counsel by ODC. *See, In re Allan Wendelburg*, Case No. 501,2006 (Del. 2006).

(D.I. 18) Ground two of petitioner's Rule 61 motion asserts that, "[e]ven if none of the individual errors specified in Ground One above, standing alone, amounted to a violation of [petitioner's] Sixth Amendment right to effective assistance of counsel, when viewed cumulatively, the multiple errors show that [petitioner's] Sixth Amendment rights were violated." *Id.*

After the Superior Court summarily denied the Rule 61 motion due to petitioner's failure to demonstrate prejudice, petitioner asserted the following argument in his post-conviction appellate brief:

> In Claim Six [of Ground One of the Rule 61 motion asserting ineffective assistance], it was alleged that during the course of his representation, defense counsel was suffering from a major depressive disorder which caused him to virtually neglect and ignore his professional obligations to his clients, including [petitioner]. [Petitioner's] allegation that his trial counsel was impaired at the time

9

> of [petitioner's] trial was supported in the record by the Report of the Board on Professional Responsibility cited in [petitioner's] Rule 61 motion. **The existence of these impairments, coupled with the serious nature of trial counsel's derelictions during the trial, as outlined in Claims 1 through 5 [of Ground One], were certainly substantial enough to the raise the possibility that there was a "constructive" denial of counsel during [petitioner's] trial, which would have entitled [petitioner] to post-conviction relief.** See, *United States v. Cronic*, 466 U.S. 648 (1984)(prejudice is presumed where there is a constructive denial of counsel); *Burdine v. Johnson*, 262 F.3d 336, 349 (5th Cir. 2001)(fact that defense counsel was asleep during critical parts of the trial amounted to a constructive denial of counsel under *Cronic* resulting in presumed prejudice to defendant [ ] ). **The conclusion in the Rule 61 Decision that relief on this claim should be summarily denied without any further proceedings was incorrect as a matter of law.**

(D.I. 18, Appellant's Op. Br. in *Anker v. State*, No.412,2007, at pp. 18-19)(internal citations omitted)(emphasis added) The claim asserting the above argument is titled, "The ruling of the court below that [petitioner's] Rule 61 motion should be summarily denied because of a failure to allege "prejudice' under *Strickland* was incorrect as a matter of law." *Id.* at p.14.

Later in his post-conviction appeal, petitioner filed a reply brief to the State's answer, arguing that:

> In this case, it is undisputed in the record that at the time of [petitioner's] trial, his attorney was suffering from a major depressive disorder which caused him to virtually neglect and ignore his professional obligations to his clients. According to Dr. Tavani, [petitioner's] attorney "was depressed to the point of nonfunctionality." The existence of the behavioral disorder described by Dr. Tavani would be a valid reason to cumulate all of the alleged errors committed by [petitioner's] trial attorney to determine their cumulative effect on the outcome of the trial. **In the court below, [petitioner] was not afforded any opportunity to prove that his attorney was not functioning as an attorney during his trial so that he was prejudiced, as defined by *Strickland*, by the accumulation of errors made by his trial attorney.** See, *United States v. Cronic*, 466 U.S. 648 (1984)(prejudice is presumed where there is a constructive denial of counsel).
>
> The harsh sanction of summary denial of a postconviction motion that alleges

10

> ineffectiveness of counsel should be reserved for cases where the allegations of deficient performance are truly conclusory, or where the applicable substantive law related to the alleged error(s) does not support the conclusion that the attorney's performance was deficient. This is not such a case. **It is redundant to require a defendant who makes a *Strickland* claim that is supported by specific allegations of deficient performance to make specific allegations as to how he was prejudiced.** *Strickland* itself contains only one definition of "prejudice." [] Whether or not [petitioner] was "prejudiced" by his attorney's deficient performance is essentially a legal inquiry for the court to undertake, similar to "harmless error" determinations that are routinely made by the courts. Conversely, it is not some "fact" to be alleged in a pleading. **In this case, even though the court below assumed that the performance of trial counsel was deficient, the court made no attempt to determine, as it was required to do under *Strickland*, whether there was a "reasonable probability" that the cumulation of errors might have affected the verdict, especially if the major depressive disorder of [petitioner's] trial counsel was taken into account.**

(D.I. 18, Appellant's Reply Brief in *Anker v. State*, No.412,2007, at p.8)(emphasis added)

As explained by the United States Supreme Court, the difference between a *Strickland* claim and a *Cronic* claim is a matter "not of degree but of kind." *Bell v. Cone*, 535 U.S. 685, 697 (2002). In this proceeding, petitioner expressly contends that he "was deprived of his right to counsel under the Sixth Amendment and *United State v. Cronic* based on the combination of errors made by his trial counsel coupled with the fact that his trial counsel suffered from a severe psychiatric impairment at the time of the trial." (D.I. 10, at p. 21) After comparing this *Cronic* claim to the related arguments petitioner asserted in his post-conviction appellate and reply briefs, the court finds that petitioner's references to *Cronic* in his state collateral proceeding and the brief statements associated put the Delaware Supreme Court on notice that petitioner's Sixth Amendment claim was grounded on both *Strickland* and *Cronic*. The Sixth Amendment claim petitioner presented to the Delaware State Courts is substantially equivalent to

the independent and freestanding *Cronic* claim asserted in the instant proceeding because both claims are based on the same factual and legal substance. Accordingly, the court concludes that petitioner exhausted state remedies for claim one.

The Delaware State Courts did not consider the instant *Cronic* claim. Typically, in this scenario, the court would apply the less-deferential pre-AEDPA standard and review the claim de novo. However, as set forth below, the court has decided to stay its consideration of claim two until the Supreme Court issues a decision in *Smith v. Spisak,* 129 S.Ct. 1319 (2009)(granting certiorari). Rather than engage in piecemeal litigation, the court will also stay claim one until the entire application is ready for consideration.

### B. Petitioner's Ineffective Assistance Of Counsel Claim

Petitioner asserted six ineffective assistance of counsel allegations in Claim One of his Rule 61 motion to the Delaware Superior Court. The Superior Court denied the ineffective assistance of counsel claims for lack of prejudice without requiring defense counsel to file a Rule 61 affidavit or the State to file an answer, and the Delaware Supreme Court affirmed that decision.

In this proceeding, petitioner argues that the Delaware Supreme Court's affirmance of the Superior Court's summary disposition was contrary to, and an unreasonable application of, *Strickland*. More specifically, petitioner contends

> [t]he State court ruling to summarily dismiss [petitioner's] *Strickland* claim was both "contrary to" and amounted to an "unreasonable application" of *Strickland*. The specific allegations of attorney error and prejudice set forth in the Rule 61 motion were at least sufficient, at the pleading stage, for the court to have directed [trial counsel] to file a response to the allegations, especially the allegation concerning [trial counsel's] alleged psychiatric impairment. If the court

12

> did not understand the allegations of "prejudice," the court should have directed [petitioner] to amend the motion or respond to the court's concerns.

(D.I. 10, at p. 45) Presented in this manner, the court is not entirely confident that petitioner's challenge to the Delaware State Courts' summary dismissal of his Rule 61 motion differs substantially from alleging that the state courts violated their own rules governing state collateral proceedings. The latter challenge does not present an issue cognizable on federal habeas review because it alleges an error of state law. *See Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)(allegations of error in state postconviction relief proceedings do not provide a proper basis for federal habeas relief); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, to the extent petitioner is alleging that the Superior Court erred by failing to require trial counsel to provide a Rule 61 affidavit or by failing to conduct an evidentiary hearing, the court concurs with the State's assertion that the argument fails to present an issue cognizable on federal habeas review.

Nevertheless, to the extent petitioner is challenging the Delaware State Courts' reasoning for failing to find "specific allegations of substantiated prejudice" in his ineffective assistance of counsel claims, rather than challenging the Delaware State Courts' failure to require attorney affidavits or an evidentiary hearing, the court concludes that petitioner's argument is cognizable. As explained in *Strickland*,

> actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. The government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence. Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. . . . Even if a defendant shows that particular errors of counsel were unreasonable, [] the defendant must show that they actually had an adverse effect on the defense. . . . [A] court making the prejudice

13

inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Strickland*, 466 U.S. at 693, 696. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.* at 694.

Unfortunately, the Supreme Court has not yet articulated an analysis for determining whether a state court's summary dismissal at the pleading stage of an ineffective assistance of counsel claim for failure to provide "specific allegations of actual prejudice" constitutes an unreasonable application of *Strickland*. In fact, there is no clear guidance for determining what constitutes "specific allegations of actual prejudice," as demonstrated in this case by the Delaware State Courts' summary dismissal of a *Strickland* claim for lack of prejudice even where the petitioner set forth explicit details of counsel's alleged errors along with some legal authority to support the assertions of prejudice.

However, presently pending before the United States Supreme Court is the case, *Smith v. Spisak*, 129 S.Ct. 1319 (2009)(granting certriorari). One of the issues in *Spisak* addresses the same issue presented here, namely, whether a state court's summary denial of an ineffective assistance of counsel claim for lack of prejudice warrants relief under AEDPA where the state court did not articulate its reasoning but cited the correct *Strickland* standard in its opinion. Accordingly, the court will stay the instant proceeding until a decision is issued in *Spisak*.

## V. CONCLUSION

For foregoing reasons, the court will stay its consideration of petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 until a decision is issued

14

in *Smith v. Spisak,* 129 S.Ct. 1319 (2009)(granting certiorari).

   An appropriate order will be entered.